**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Boyd WHITRIGHT, Defendant— Appellant.**

**No. 06–30040.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 28, 2006.

Filed Sept. 6, 2006.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: GOODWIN, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM *

Boyd Whitright pled guilty to and was convicted of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). Whitright appeals his 108–month sentence, arguing that the district court improperly applied a four-point enhancement to his

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentencing score under U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2G2.2(b)(4) (2004). Whitright also contends that the district court's sentence was unreasonable (1) in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 18 U.S.C. § 3553(a); and (2) because the district court failed to comply with FED. R.CRIM. P. 32(i). Because the parties are familiar with the facts, we do not recite them in detail. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

■ The district court imposed a four-point enhancement under U.S.S.G. § 2G2.2(b)(4) because the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence. Because five of the six videos identified as available for distribution from Whitright's static IP address depicted prepubescent girls being penetrated by an adult male, the district court acted within its discretion when it applied the enhancement. *See United States v. Rearden*, 349 F.3d 608, 615–16 (9th Cir.2003) (holding that images of prepubescent children being penetrated by adult males portrayed sadistic conduct because "the adult males in the photographs must have experienced some sexual excitement" and done something that "necessarily hurt the child"), *cert. denied*, 543 U.S. 822, 125 S.Ct. 32, 160 L.Ed.2d 32 (2004).

■ Furthermore, Whitright's 108–month sentence, set at the midpoint range of the Sentencing Guidelines calculation provided in the Presentence Investigation Report ("PSR"), is not unreasonable. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006) (noting that if this Court concludes that the district court committed no error in applying the Guidelines, it will review the overall sentence for reasonableness). In fashioning a sentence for Whitright, the district court not only examined the Guidelines calculation, but gave well-reasoned consideration to the factors set forth in 18 U.S.C. § 3553(a). *See id.* at 1279–80 (holding that after *Booker*, the district court must apply the § 3553(a) factors in its sentencing decision). The court gave extensive, careful explanations of Whitright's history and characteristics, the nature and circumstances of the offense, the kinds of sentences available for this type of crime, and the goals of sentencing as applied to Whitright. We thus conclude that the sentence was reasonable. *See id.* at 1280 (recognizing that this Court's determination of the reasonableness of a sentence is guided by the factors set forth in § 3553(a), including the Guidelines range).

In addition, because Whitright challenged only the PSR's application of the § 2G2.2(b)(4) four-point sentencing enhancement, and did not contest any of the facts used to calculate his sentence, there was no disputed fact for the district court to resolve under FED. R.CRIM. P. 32(i)(3)(B). *See United States v. Houston*, 217 F.3d 1204, 1208–09 (9th Cir.2000) (holding that a dispute concerning the appropriate Guidelines range is not a matter requiring more detailed findings under Rule 32). In any event, the district court did hear from each of the parties on the application of § 2G2.2(b)(4) before making its ruling.

The sentence imposed by the district court is

**AFFIRMED.**